UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMAR COLEMAN, #117612,

        Petitioner,

v.                                      CASE NO. 2:11-CV-12682
                                        HONORABLE VICTORIA A. ROBERTS

CHRISTINE BAUMAN,

        Respondent.
        _____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

      Michigan prisoner Lamar Coleman ("Petitioner"), has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his Oakland County Circuit Court convictions for armed robbery and felony firearm for which he was sentenced as a third habitual offender to consecutive terms of 12 to 40 years imprisonment and two years imprisonment in 1988. Petitioner has previously filed habeas petitions in federal court challenging the same convictions. The Court thus concludes that it must transfer this case to the United States Court of Appeals for the Sixth Circuit.

      Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a

1

screening function which the district court previously performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

In 1992, Petitioner filed a habeas petition in this Court challenging the same 1988 convictions at issue here. That petition was denied on the merits. *Coleman v. Hawley*, No. 92-CV-75140-DT (E.D. Mich. 1993) (Gadola, J.). The Sixth Circuit denied Petitioner's request for a certificate of probable cause. *Coleman v. Hawley*, No. 93-2026 (6th Cir. 1993). In 1995, Petitioner filed a second habeas petition in this Court challenging the same 1988 convictions, which was dismissed as an abuse of the writ. *Coleman v. State of Michigan and Wayne Stine*, No. 95-CV-70924-DT (E.D. Mich. 1996) (Hood, J.). The Sixth Circuit denied Petitioner's request for a certificate of probable cause. *Coleman v. State of Michigan and Wayne Stine*, No. 96-1872 (6th Cir. 1997). In 2004, Petitioner filed a third habeas petition in this Court challenging the same 1988 convictions. The Court transferred the petition to the Sixth Circuit as a second or successive petition. *Coleman v. Lafler*, No. 2:04-CV-71864 (E.D. Mich. 2005) (Edmunds, J.). The Sixth Circuit denied Petitioner leave to file a third petition. *In re Lamar Coleman*, No. 05-1377 (6th Cir. 2005). In 2007, Petitioner filed a fourth habeas petition with this Court challenging the same 1988 convictions. The Court transferred the petition to the Sixth Circuit as a second or successive petition. *See Coleman v. Bergh*, No. 2:07-CV-11148 (E.D. Mich. 2007) (Cleland, J.). The Sixth Circuit denied Petitioner leave to file a fourth petition. *In re Lamar Coleman*, No. 07-1450 (6th Cir. 2007).

Petitioner filed the instant petition on June 21, 2011. He has neither sought nor obtained appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).

Accordingly,

The Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631[1] and *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

                                                          S/Victoria A. Roberts
                                                          Victoria A. Roberts
                                                          United States District Judge

Dated:  June 30, 2011

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Lamar Coleman by electronic means or U.S. Mail on June 30, 2011.

s/Carol A. Pinegar
Deputy Clerk

---

[1] 28 U.S.C. § 1631 provides in pertinent part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.